| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN MARION COUNTY SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO.: |
| GARG GROUP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PUROO KAUL; | ) | |
| DEMBI PRODUCTION LLC; | ) | |
| MOHAMMAD ABBAS; SUNGLOW | ) | |
| ENTERTAINMENT LLC; and | ) | |
| KRYSTAL ENTERTAINMENT INC. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Comes now, the Garg Group ("**Plaintiff**"), by counsel, and for its Complaint against Puroo Kaul, Dembi Production LLC, Mohammad Abbas, Sunglow Entertainment LLC, and Kyrstal Entertainment Inc.("**Defendants**"), states and alleges as follows:

## PARTIES AND VENUE

1. Plaintiff is an Indiana corporation with a notice address as follows: 580 E Carmel Dr., Carmel, Indiana 46032.

2. Defendant Puroo Kaul has a notice address as follows: 418 Ohlones St., Fremont, CA 94539; Defendant Dembi Productions LLC has a notice address as follows: 418 Ohlones St., Fremont, CA 94539; Defendant Mohammad Abbas has a notice address as follows: 748 Eastlake Dr., Coppell, TX, 75019; Defendant Sunglow Entertainment LLC has a notice address as follows: 1750 Regal Row Ste. 180, Dallas, TX 75235; and Defendant Krystal Entertainment Inc has a notice address as follows: 418 Ohlones St., Fremont, CA 94539.

3. Venue is proper in Marion County, Indiana, pursuant to Ind. T.R. 75(A).

## FACTUAL ALLEGATIONS

4. Pursuant to the contract entered into by and between Defendants and Plaintiff on August 28, 2021, a true and accurate copy of which is attached hereto as Exhibit A, Defendants and Plaintiff formed the partnership North America National Tour – Atif Aslam (herein, the "**Partnership**").

5. Defendants lied about the initial cost for the Partnership, fraudulently claiming fees totaled $375,000 instead of the actual $250,000 amount.

6. Plaintiff paid $125,000 of the initial startup amount of $250,000.

7. Plaintiff is entitled to 50% interest in the proceeds generated by the Partnership commensurate to the initial amount Plaintiff put down.

8. Despite repeated requests, Defendants have refused to provide Plaintiff with bank statements, accountings, or any portion of the income generate by the Partnership.

## COUNT I

### Fraudulent Inducement to Enter into Partnership

9. Plaintiff incorporates by reference the statements and allegations of rhetorical paragraphs 1 through 8 above.

10. Defendants intentionally made false misrepresentations and omissions with respect to the Partnership in order to get Plaintiff to enter into the Partnership.

11. Defendants' statements and omissions were intentionally made despite the Defendants having no intent to actually pay any of income generated by the Partnership to the Plaintiff.

12. Defendants fraudulently induced Plaintiff to enter into the Partnership, and Plaintiff has suffered damages as a result of Defendants' misrepresentations and omissions.

## COUNT II

### Fraudulent Inducement to Contribute to Partnership via Wire Transfer

13. Plaintiff incorporates by reference the statements and allegations of rhetorical paragraphs 1 through 12 above.

14. Defendants intentionally made false misrepresentations and omissions with respect to the amount of the initial capital contribution required with respect to the Partnership.

15. Defendants' statements and omissions were intentionally made in order to obtain disproportionate share of the investment from the Plaintiff, and so that Defendants could keep a disproportionate interest in the Partnership.

lender to wire the funds for the Purchase Price to the Defendants, and Plaintiff has suffered damages as a result of Defendants' misrepresentations and omissions.

16. Defendants fraudulently induced Plaintiff to obtain to contribute $125,000 to the Partnership, which Plaintiff provide said funds to the Defendants via wire transfer, and Plaintiff has suffered damages as a result of Defendants' misrepresentations and omissions.

WHEREFORE, Plaintiff respectfully requests judgment in favor of Plaintiff and against Defendants, in an amount to be proven at trial; for the costs of this action, including, but not limited to reasonable attorneys' fees; and all other proper relief.

## COUNT III

### Fraud

17. Plaintiff incorporates by reference the allegations of rhetorical paragraphs 1 through 16 above.

18. As further described above, Defendants made material misrepresentations of existing facts, including but not limited to, the initial costs of the Partnership, the proportionate

interest in the Partnership, the use of funds for the Partnership, and the distribution of income from Partnership.

19. Defendants made the misstatements and withheld the information with knowledge and reckless disregard that Plaintiff was entering into the Partnership and wiring $125,000 to the Defendants based on the misstatements and omissions.

20. Defendants' material representations were false.

21. Defendants' material representations were made with knowledge or reckless ignorance of their falsity.

22. Defendants' material representations were made with intent to deceive.

23. Plaintiff rightfully relied upon the Defendants' material representations.

24. Defendants' material representations proximately caused injury to the Plaintiff.

25. Excluding the punitive damages, consequential damages, and attorney's fees, which are required, as further described below, the Plaintiff's direct damages are in excess of $550,000 and growing.

WHEREFORE, Plaintiff respectfully requests judgment in favor of Plaintiff and against Defendants, in an amount to be proven at trial; for the costs of this action, including, but not limited to reasonable attorneys' fees; and all other proper relief.

## COUNT IV

### Misappropriation of Funds and Injunctive Relief

26. Plaintiff incorporates by reference the allegations of rhetorical paragraphs 1 through 25 above.

27. Defendants have misappropriated Partnership funds and used them for personal and third-party expenses.

28.     Therefore, all future Partnership income should be paid directly to the Plaintiff.

WHEREFORE, Plaintiff respectfully requests an injunctive order enjoining Defendants from obtaining or using any Partnership income and directing all third parties to pay all monies owed to the Partnership directly to the Plaintiff; and all other proper relief.

## COUNT V

### Direct, Punitive, and Consequential Damages

29.     Plaintiff incorporates by reference the allegations of rhetorical paragraphs 1 through 28 above.

30.     The Defendants acted maliciously, willfully, and with complete disregard for the effect of their actions on the Plaintiff.

31.     Plaintiff has incurred damages in an amount to be proven at trial directly resulting from the actions of the Defendants.

32.     Plaintiff has lost money, time, opportunity, and much more, and therefore is seeking punitive damages, consequential damages, and attorney's fees.

WHEREFORE, Plaintiff respectfully requests judgment in favor of Plaintiff and against Defendants, in an amount to be proven at trial; for the costs of this action, including, but not limited to reasonable attorneys' fees; and all other proper relief.

Respectfully submitted,

DATED:  06/20/2022             By: /s/ *Patrick M. Rooney*
                               Patrick M. Rooney, # 28383-49
                               Attorney at Law
                               1638 Shelby Street, Suite 101
                               Indianapolis, IN 46203
                               (317) 445-9956
                               pmrooney1@gmail.com
                               *Attorney for Plaintiff:*
                               Garg Group

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing is being filed electronically through the Indiana E-Filing System (IEFS), this 20th day of June 2022, and the following party is being mailed a copy of the Complaint together with the summons via certified mail:

>Puroo Kaul
>418 Ohlones St.
>Fremont, CA 94539
>
>Dembi Productions LLC
>c/o Puroo Kaul
>418 Ohlones St.
>Fremont, CA 94539
>
>Krystal Entertainment Inc.
>c/o Puroo Kaul
>418 Ohlones St.
>Fremont, CA 94539
>
>Mohammad Abbas
>748 Eastlake Dr.
>Coppell, TX 75019
>
>Sunglow Entertainment LLC
>c/o Suleman Bhimani
>1750 Regal Row Ste. 180
>Dallas, TX 75235

>By: /s/ *Patrick M. Rooney*
>Patrick M. Rooney, # 28383-49
>*Attorney for Plaintiff*:
>Garg Group

# ATIF ASLAM – NATIONAL TOUR PARTNERSHIP
## *Memorandum of Understanding*

This Partnership Agreement (the "Agreement") is made and entered into this August 28, 2021 (the "Effective Date"). The Partners in this Agreement are as follows:

Partner Name Himanshu Garg - Garg Group
City Indianapolis
State Indiana

Partner Name: Puroo Kaul - Dembi Production
City Fremont
State California

Partner Name: Mohammad Abbas - SunGlow
City Dallas
State Texas

The Partners to this Agreement agree to the following:

## I. NAME

This Partnership will be known as North America National Tour - Atif Aslam (the "Partnership").

## II. THE PARTNERSHIP

- The Partners wish to become shareholders and partners in this business.
- The terms and conditions of their Partnership will be outlined in this Agreement.
- If the Agreement is executed, the Partnership will be in effect on August 28, 2021.
- The Partnership will only be terminated as outlined in this Agreement.
- The Partnership's primary place of business will be 418 Ohlones S, Fremont, California, 94539.
- The Partnership will be governed under the laws of the state of California.
- The Partnership's primary purpose is Atif Aslam - National Tour Agreement - 2021-2022 & 2022-2023.

## III. CONTRIBUTIONS

The Partners will make a contribution to the Partnership and any payments to Artist and event needs, as follows:

- Himanshu Garg - Garg Group (30%)
- Puroo Kaul - Dembi Production (35%)

- Mohammad Abbas - SunGlow (35%)

## IV. INTEREST AND AUTHORITY

The Partners' ownership interest in the Partnership will be as follows:

- Himanshu Garg - Garg Group: 30%
- Puroo Kaul - Dembi Production: 35%
- SunGlow: 35%

The Partners' authority will be defined by the following unless otherwise stated in the Agreement: Any decisions requiring a contract or otherwise will require a unanimous vote by all Partners.

The Partnership qualifies and agrees to opt out of appointing a partnership representative under 26 U.S. Code § 6221.

## V. COSTS

The Partners will share costs according to the following percentages:
- Himanshu Garg - Garg Group: 30%
- Puroo Kaul - Dembi Production: 35%
- SunGlow: 35%

## VI. PROFITS

The Partners will share the net profits of the Partnership according to the following percentages:
- Himanshu Garg - Garg Group: 30%
- Puroo Kaul - Dembi Production: 35%
- SunGlow: 35%

## VII. ACCOUNTING

- All accounts related to the Partnership including contribution and distribution accounts will be audited upon a majority vote of the Partners.
- Partners will keep accurate and complete books of account for all accounts related to the Partnership.
- Each Partner will be responsible for his or her own taxes on any distributions made.
- Accounting records will be kept on an accrual basis.
- The fiscal year will be complete on the last day of December of each year. All Partners will present their position on the state of the Partnership within two weeks of the completion of each fiscal year.

## IX. WITHDRAWAL OR DEATH

The Partners hereby reserve the right to withdraw from the Partnership at any time. Should a Partner withdraw from the Partnership because of choice or death, the remaining Partners will

have the option to buy out the remaining shares of the Partnership. Should the Partners agree to buy out the shares, the shares will be bought in equal amounts by all Partners. The Partners agree to hire an outside firm to assess the value of the remaining shares. Only upon the partners' unanimous agreement will the outside firm's valuation of the shares be considered final. The Partners will have 60 days to decide if they want to buy the remaining shares together and disperse them equally. If all Partners do not agree to buy the shares, individual Partners will then have the right to buy the shares individually. If more than one Partner requests to buy the remaining shares, the shares will be split equally among those Partners wishing to purchase the shares. Should all Partners agree by unanimous vote, the Partnership may choose to allow a non-Partner to buy the shares thereby replacing the previous Partner.

The name of the Partnership may be amended upon the written and unanimous vote of all Partners if a Partner is successfully bought out.

## X. DISSOLUTION

Should the Partnership be dissolved by unanimous vote, the Partnership will be liquidated, and the debts will be paid. All remaining funds after debts have been paid will be distributed based on the percentage of ownership interest outlined in this Agreement.

## XI. AMENDMENTS

- Amendments may be made hereto upon the unanimous and written consent of all Partners.
- Amendments must be expressly written and have the original signatures of all Partners.
- All amendments, notices, requests, claims, demands and other communications between the parties shall be in writing. All such written communications shall be given (i) by delivery in person, (ii) by a nationally recognized next day courier service, (iii) by first class, registered or certified mail, postage prepaid, (iv) by facsimile or (v) by electronic mail to the addresses of the parties specified in this Agreement or such other addresses specified in writing. All notices shall be effective upon (i) receipt by the party to which the written communication is given, or (ii) on the 5th day following mailing, whichever occurs first.

**IN WITNESS WHEREOF**, this Agreement has been executed and delivered in the manner prescribed by law as of the Effective Date first written above.

By: _____  Date: 8/30/21
Himanshu Garg - Garg Group

By: PUROO KAUL _____  Date: 09/05/21
Puroo Kaul - Dembi Production

By: Mohammad Abbas _____  Date: 09/07/21
Mohammad Abbas - SunGlow