UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GARG GROUP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01530-RLY-MJD |
| | ) | |
| PAUL KAUL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff filed this action in State Court on June 20, 2022 [Dkt. 1-2], and on August 2, 2022, Defendants Puroo Kaul and Dembi Production LLC removed this action to this Court [Dkt. 1]. On October 21, 2022, Plaintiff filed an Affidavit of Service By Certified Mail representing to the Court that Defendants Mohammad Abbas and Krystal Entertainment Inc. were served with the Summons and Complaint on July 5, 2022. [Dkt. 24.] Defendants Mohammad Abbas and Krystal Entertainment Inc. have never appeared in this matter, and Plaintiff has taken no other action to prosecute its case against those two Defendants. On November 20, 2023, the Court issued an Order to Show Cause ordering as follows:

> "**[O]n or before December 8, 2023**, Plaintiff shall either file a motion for an entry of default against Defendants Mohammad Abbas and Krystal Entertainment Inc., or shall show cause by that date why Defendants Mohammad Abbas and Krystal Entertainment Inc. should not be dismissed for Plaintiff's failure to prosecute its claims against those Defendants."

[Dkt. 81 (emphasis in original).] To date, Plaintiff has neither filed a motion for an entry of default against Defendants Mohammad Abbas and Krystal Entertainment Inc., nor has Plaintiff shown cause why Plaintiff's claims against those Defendants should not be dismissed for failure to prosecute.

A district court has the inherent authority to impose sanctions on a party for the "'willful disobedience of a court order.'" See *Trzeciak v. Petrich*, 2014 WL 5488439, at *1 (N.D. Ind. Oct. 29, 2014) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991)). This power is governed "not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Barnhill v. U.S.*, 11 F.3d 1360, 1367 (7th Cir. 1993) (internal quotation and citation omitted). A court's inherent powers are to be used "to reprimand the offender" and "to deter future parties from trampling on the integrity of the court." *Dotson v. Bravo*, 321 F.3d 663, 668 (7th Cir. 2003)). The sanction imposed by a court "should be proportionate to the gravity of the offense." *Montaño v. City of Chicago*, 535 F.3d 558, 563 (7th Cir. 2008).

As noted above, Plaintiff has failed to prosecute its claims against Defendants Mohammad Abbas and Krystal Entertainment Inc. Plaintiff also failed to comply with the Court's November 20, 2023 Order to Show Cause.   Accordingly, the Magistrate Judge recommends that Plaintiff's claims in this matter against Defendants Mohammad Abbas and Krystal Entertainment Inc. be dismissed, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for Plaintiff's failure to prosecute this action against those Defendants, and for Plaintiff's failure to comply with the Court's November 20, 2023 Order to Show Cause.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service of this Order shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

SO ORDERED.

Dated:   13 DEC 2023

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.